### GRAIN-DRILL MANUF'G Co. v. REINSTEDLER.[1]

*(Circuit Court, E. D. Missouri.  September 28, 1885.)*

PATENTS—PRACTICE—HOLDING CASE OPEN FOR DECISION UPON APPEAL TAKEN
   IN ANOTHER SUIT.
      Where two suits were brought for the infringement of a patent, in different circuits,—one against the manufacturer of the infringing device, and the other against a dealer,—and the former was decided in the defendant's favor, and the latter thereafter, after remaining pending over four years, was heard, and was submitted upon the same evidence taken in the other case, and the complainant asked that the case might be allowed to remain open until an appeal from the decree in the suit against the manufacturer could be heard and determined, *held,* that there being no special reasons for granting the request, the case could not be kept standing open any longer, and that the bill should be dismissed.

In Equity.

The defense in this case was substantially the same as in the Indiana case referred to below, and the same evidence was introduced in both cases.

*Wood & Boyd,* for complainant.

*Stein & Peck,* for defendant.

BREWER, J., *(orally.)*    The bill in this case will be dismissed.    It is an action against a dealer for infringement.    The action has been

---

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

pending in this court more than four years.   In an action brought
in the circuit court of Indiana against the manufacturer, a decree has
been entered in favor of the defendant dismissing the bill.[1]   The only
application here is that this case shall stand open until an appeal
from that decree shall be heard and determined in the supreme court.
No special reasons are shown, and under such circumstances this
court ought not to keep this case standing against the defendant for
possibly three or four years.   The bill will be dismissed.

[1] Grain Drill Manuf'rs Co. v. Rude, 23 Fed. Rep. 348.